**KE WEI CHEN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73229.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 24, 2004.

Thomas V. Massucci, Law Office of Thomas V. Massucci, New York, NY, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Mark C. Walters, Esq., Jacqueline Dryden Fax, U.S. Department of Justice Civil Div./Office Of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

### MEMORANDUM **

Ke Wei Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. Because the BIA adopted the IJ's adverse credibility findings, we review the IJ's decision. *See Wang v. Ashcroft,* 341 F.3d 1015, 1020 (9th Cir.2003). We review for substantial evidence and will reverse the IJ's determination only if petitioner shows evidence that compels such a result. *Chen v. Ashcroft,* 362 F.3d 611, 616 (9th Cir. 2004). We grant the petition and remand.

A reasonable adjudicator would be compelled to conclude that the IJ's adverse credibility determination is not supported by substantial evidence. *See He v. Ash-*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*croft*, 328 F.3d 593, 603 (9th Cir.2003). The IJ failed to identify any inconsistencies between Chen's testimony and either his asylum interview or asylum application. The IJ also relied upon minor inconsistencies within Chen's testimony that did not go to the heart of his claim or were plausibly explained, including inconsistencies about the length of a pregnancy and whether his wife was pregnant during a particular month or in a particular year. *See Wang*, 341 F.3d at 1019–22. The record failed to support the IJ's finding that Chen was evasive regarding his whereabouts. *See Zahedi v. INS*, 222 F.3d 1157, 1166–67 (9th Cir.2000). The IJ's conclusion that there was a lack of detail about the abortions is also contradicted by the record. *See Zheng v. Ashcroft*, 382 F.3d 993, 1000 (9th Cir.2004).

Further proceedings to determine asylum eligibility are unnecessary because a person whose spouse has been forced to have an abortion is automatically eligible for asylum. *See Ge v. Ashcroft*, 367 F.3d 1121, 1127 (9th Cir.2004). Accordingly, we remand to the BIA to exercise its discretion whether to grant Chen asylum. *See Zheng*, 382 F.3d at 1001–02.

**PETITION FOR REVIEW GRANTED; REMANDED.**